SVK

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesse Wozniak, | No. CV 07-1316-PHX-DGC (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Sergeant Gibb, et al., | |
| Defendants. | |

Plaintiff Jesse Wozniak, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will order Defendant Carpenter to answer Count II of the Complaint and will dismiss the remaining claim and Defendants without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $1.80. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

TERMPSREF

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III. Complaint

Plaintiff names the following Defendants: (1) Sergeant Gibb, A7363; (2) Officer Carpenter, B8347; (3) John Doe, Detention Officer at Lower Buckeye Jail; and (4) John Doe, Detention Officer at Lower Buckeye Jail. The Complaint contains two counts. In Count I, Plaintiff alleges that on May 27, 2007, unspecified Defendants used excessive force against Plaintiff, slamming him head-first between two cells and roughly removing a "spit mask" from his face. In Count II, Plaintiff alleges that excessive force was used again on May 27, 2007, when officers yanked on his arms and dug hand cuffs into his wrists and Defendant Carpenter slammed Plaintiff's left arm into something, breaking stitches and causing Plaintiff's left arm to swell. Plaintiff alleges that he was in pain for a week and he required x-rays, although he does not know the results. He alleges the excessive force was uncalled for and the officers used their power to humiliate and injure him. Plaintiff seeks damages.

## IV. Failure to State a Claim—Count I

In Count I, Plaintiff alleges that he was rudely pushed and shoved and Officer Carpenter put his boot in the back of Plaintiff's pants and stomped down, causing Plaintiff's pants and underwear to come off in front of a female sergeant and other inmates. Plaintiff alleges that he was slammed head first between cells. He also alleges that a "spit mask" was roughly removed from his face, causing the straps to burn and cut into his shoulder. Plaintiff alleges that he suffered cuts, bruises, depression, and humiliation.

First, to state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link

1 between the injury and the conduct of that defendant. <u>Rizzo v. Goode</u>, 423 U.S. 362, 371-72, 377 (1976). Second, although Plaintiff alleges a Fourth Amendment violation, his claim for excessive force is more appropriately raised under the Fourteenth Amendment. A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Due Process Clause. <u>Bell v. Wolfish</u>, 441 U.S. 520 (1979). Nevertheless, the Eighth Amendment provides a minimum standard of care for determining a plaintiff's rights as a pretrial detainee. <u>Anderson v. Kern</u>, 45 F.3d 1310, 1312-13 (9th Cir. 1995) (citing <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1442 (9th Cir. 1991)). To prevail on an unconstitutional conditions claim under an Eighth Amendment standard of care, a plaintiff, whether a pretrial detainee or a convict, must show that defendants were "deliberately indifferent" to the alleged constitutional violations. <u>Redman</u>, 942 F.2d at 1443; <u>Wilson v. Seiter</u>, 501 U.S. 294, 302-03 (1991).

To state a claim of deliberate indifference, plaintiffs must meet a two-part test. First, the alleged constitutional deprivation must be, objectively, "sufficiently serious"; the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). Second, the prison official must have a "sufficiently culpable state of mind," i.e., he must act with deliberate indifference to inmate health or safety. <u>Id</u>. In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Id.</u> at 837.

When an inmate claims that prison officials violated his Eighth Amendment rights by using excessive physical force, the relevant inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Hudson v. McMillian</u>, 503 U.S. 1, 6-7 (1992). The injury suffered by the inmate need not rise to the level of objective seriousness required by other Eighth Amendment claims, but it must be something more than *de minimis*. <u>Id.</u> at 9-10.

28

TERMPSREF

- 3 -

Here, with the exception of Defendant Carpenter, Plaintiff has failed to connect any of the alleged harm to any named Defendant. The harm allegedly caused by Defendant Carpenter – causing Plaintiff's pants and underwear to come off – is not objectively harmful enough to rise to the level of a constitutional violation. See Somers v. Thurman, 109 F.3d 614, 622-23 (9th Cir. 1997) (holding that an inmate's allegations that female guards conducted body-cavity searches, saw him naked in the shower, and pointed and joked among themselves did not state a claim under the Eighth Amendment because the allegations were not objectively serious enough) (citing Johnson v. Phelan, 69 F.3d 144, 15-51 (7th Cir. 1995) (cross-gender searches do not violate the objective component of the Eighth Amendment)). Count I does not state a claim and will be dismissed.

## V.   Claims for Which an Answer Will be Required

Count II adequately states a claim of excessive force against Defendant Carpenter, and the Court will order him to answer.

The only other Defendant named in Count II is Sergeant Gibb, and the only allegation regarding Sergeant Gibb is that he oversaw the incident and did not come to Plaintiff's aid. Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982). In other words, "a prison official can violate a prisoner's Eighth Amendment rights by failing to intervene." Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). However, Plaintiff does not allege that Defendant Gibb knew that excessive force was being used or that Defendant Gibb was in a position to stop the use of excessive force. Count II does not state a claim against Defendant Gibb, and the Court will dismiss him.

## VI.   Warnings

### A.   Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $1.80.

(3)     Count I and Defendants Gibb and John Does are **dismissed** without prejudice.

(4)     Defendant Carpenter must answer Count II.

(5)     The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendant Carpenter.

1    (6) Plaintiff must complete and return the service packet to the Clerk of Court
2  within 20 days of the date of filing of this Order. The United States Marshal will not provide
3  service of process if Plaintiff fails to comply with this Order.

4    (7) If Plaintiff does not either obtain a waiver of service of the summons or
5  complete service of the Summons and Complaint on Defendant within 120 days of the filing
6  of the Complaint or within 60 days of the filing of this Order, whichever is later, the action
7  may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

8    (8) The United States Marshal must retain the Summons, a copy of the Complaint,
9  and a copy of this Order for future use.

10    (9) The United States Marshal must notify Defendant of the commencement of this
11  action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
12  Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The
13  Marshal must immediately file requests for waivers that were returned as undeliverable and
14  waivers of service of the summons. If a waiver of service of summons is not returned by
15  Defendant within 30 days from the date the request for waiver was sent by the Marshal, the
16  Marshal must:

17    (a) personally serve copies of the Summons, Complaint, and this Order upon
18    Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

19    (b) within 10 days after personal service is effected, file the return of service
20    for Defendant, along with evidence of the attempt to secure a waiver of service of the
21    summons and of the costs subsequently incurred in effecting service upon Defendant.
22    The costs of service must be enumerated on the return of service form (USM-285) and
23    must include the costs incurred by the Marshal for photocopying additional copies of
24    the Summons, Complaint, or this Order and for preparing new process receipt and
25    return forms (USM-285), if required. Costs of service will be taxed against the
26    personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of
27    Civil Procedure, unless otherwise ordered by the Court.

28

(10) **If Defendant agrees to waive service of the Summons and Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 6th day of August, 2007.

*David G. Campbell*
David G. Campbell
United States District Judge